NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1856
_____

UNITED STATES OF AMERICA

v.

AZAD KHAN,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cr-00201-002)
District Judge: Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 13, 2019
Before: HARDIMAN, KRAUSE, and PORTER, *Circuit Judges*.

(Filed: June 17, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Azad Khan, M.D., appeals his judgment of conviction and the District Court's

order denying his motion for a new trial. We will affirm.

I[1]

Khan worked in a Philadelphia substance abuse clinic operated by Alan Summers,

M.D. During his time there, Khan prescribed Suboxone and Klonopin, controlled

substances which can be abused recreationally. The Drug Enforcement Administration

investigated the clinic with help from patients and undercover agents. The DEA

discovered that for cash payments, Khan and others prescribed Suboxone and Klonopin

without proper medical evaluations. A grand jury indicted Khan on one count of

conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and two

counts of distribution of those substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(E),

(b)(2).

After an eight-day trial, a jury found him guilty of all charges. At the close of the

Government's case, Khan moved for judgment of acquittal under Rule 29, which the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over an appeal from the grant of a judgment of acquittal, and independently apply the same standard the district court uses in deciding the motion." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424 (3d Cir. 2013) (en banc). We review for abuse of discretion the denial of a Rule 33 motion for a new trial, *United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010), and the District Court's evidentiary rulings, *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017).

Court denied. Following the jury's verdict, Khan filed a motion for a new trial under Rule 33, arguing the Government prejudiced him by overstating the number of doses of Klonopin he prescribed. The Court denied the motion, and Khan timely appealed. Khan makes three arguments here: (1) the evidence at trial was insufficient to sustain a conviction; (2) he is entitled to a new trial because the Government intentionally mischaracterized the number of doses he prescribed; and (3) his progress reports from another clinic were inadmissible under Federal Rule of Evidence 404(b) because they were not relevant to the charged conduct and unduly prejudiced him. We address each argument in turn.

## II

### A

We begin with Khan's contention the Court should have granted his Rule 29 motion for judgment of acquittal because "the evidence was insufficient to sustain a conviction for all charges." Khan Br. 26 (capitalization omitted). He argues the Government could not prove he participated in a conspiracy to distribute a controlled substance because he was merely an employee in the clinic and was not involved in its operations. He further claims the evidence of his encounters with Officer Richard Gramlich and Arlene Gerson was insufficient to support the distribution charges. Khan maintains that although Gramlich's and Gerson's follow-up visits were brief, their

prescriptions were for legitimate medical purposes and the patients were aware of the benefits and side effects of the drugs.

Khan's argument ignores the overwhelming evidence presented at trial from which a rational jury could find "the essential elements of the [charged] crime[s] beyond a reasonable doubt." *United States v. Caraballo-Rodriguez*, 726 F.3d 418, 425 (3d Cir. 2013) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). What's more, the Government presented sufficient evidence to sustain the conspiracy conviction by showing that the owner of the clinic, Summers, hired Khan and other physicians to increase the total number of Suboxone prescriptions to evade the per-doctor limitations on such prescriptions. Testimony at trial showed Khan agreed to take part in this scheme for a portion of the revenue, as his pay was based on a percentage of the prescriptions he wrote.

Khan's argument that his interactions with Gramlich and Gerson were insufficient to prove distribution is equally unpersuasive. The jury could rely on the Government's expert witnesses (Stephen Thomas, M.D. and Laura Murray, M.D.) who explained the standard of care for prescribing Suboxone and Klonopin. Testimony and video evidence from Gramlich's and Gerson's appointments showed Khan failed to meet these standards. Additional evidence showed that Khan did not follow guidelines for prescribing Suboxone despite completing a training program for that purpose. Because the evidence

sufficed for a reasonable jury to convict Khan on all three counts, the Court did not err in denying his motion for judgment of acquittal.

B

Khan next contends he is entitled to a new trial because the Government stated repeatedly that he dispensed over 15,000 doses of Klonopin when the real number was between 3,000 and 4,000 doses. He claims this mischaracterization was intentional and constitutes prejudicial misconduct. That said, Khan concedes that he did not object at trial to the Government's dosage evidence.

The District Court denied Khan's motion for a new trial because he did not provide evidence of the number of doses he prescribed and likewise failed to present evidence to support his motion. The Court also found the evidence at trial supported the Government's contention that Khan distributed 15,000 doses.

On appeal, Khan provides no evidence that the Government intentionally inflated the number of doses, nor does he support his own lower estimate. Because Khan offers only unsubstantiated assertions about the Government's dosage evidence, we perceive no abuse of discretion in the District Court's denial of his Rule 33 motion. *See United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010) (explaining the requirements for a district court to grant a new trial based on newly discovered evidence).

C

Finally, Khan argues that the progress notes from his work in the clinic of Clarence Verdell, M.D., were inadmissible prior bad acts evidence under Rule 404(b). The Government presented Khan's false progress reports at Verdell's clinic to show he knew that his prescribing conduct at Summers's clinic was unlawful. Although he concedes "the evidence proffered was for a non-propensity purpose," he argues it was not relevant to the charged conduct because he used the forms "per office policy" in Verdell's (rather than Summers's) clinic. Khan Br. 39–40. He also contends the Court should not have admitted the evidence because the "prejudicial nature of this evidence far outweighs any probative value to the charged conduct." *Id.* at 42.

Although evidence of prior wrongful acts is "not admissible to prove character or demonstrate action in conformity with those acts," *United States v. Steiner*, 847 F.3d 103, 111 (3d Cir. 2017), it may be admitted for another purpose, such as proving knowledge or absence of mistake, Fed. R. Evid. 404(b)(2). This prior bad acts evidence must be: "(1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." *Steiner*, 847 F.3d at 111. Khan contests only this test's second and third prongs.

Khan's argument that false progress reports from Verdell's clinic are not relevant to his conduct at Summers's clinic is unpersuasive. Relevancy requires that prior bad acts

6

fit into a "chain of inferences . . . that connects the evidence to a proper purpose." *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013). This connection was established here, as the evidence that Khan engaged in the same fraudulent conduct at another clinic relates to his knowledge and absence of mistake when he made false reports at Summers's clinic. We have upheld the admission of similar testimony about uncharged fraudulent recordkeeping to show the defendant "knew what fraudulent practices looked like." *United States v. Kolodesh*, 787 F.3d 224, 236 (3d Cir. 2015).

As for the Rule 403 balancing requirement, Khan has not shown this evidence was unduly prejudicial. Relevant evidence is excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The progress reports were quite probative because they supported the inference that Khan knew about the fraudulent conduct and did not mistakenly file false medical records at Summers's clinic. *See United States v. Repak*, 852 F.3d 230, 247 (3d Cir. 2017) (explaining the probative value of past solicitations to show knowledge and intent). And the Court's limiting instruction, which explained that the evidence was offered only for the purposes listed in Rule 404(b)(2), "mitigat[ed] any concern that the jury would have used this evidence to draw a propensity inference." *Id.*

Because the false progress reports from Verdell's clinic satisfied the requirements for admission of prior bad acts evidence under Rule 404(b), the District Court did not abuse its discretion in admitting them.[2]

\*     \*     \*

For the reasons stated, we will affirm the judgment and the District Court's order denying Khan's motions.

---

[2] Khan also suggests the District Court did not perform the required balancing analysis before admitting the evidence. But even if we were to find the Court "failed to provide 'meaningful evaluation'" under Rule 403, we would affirm because "it is 'apparent from the record' that the prejudicial effect . . . [did] not substantially outweigh the probative value of that evidence." *Repak*, 852 F.3d at 247 (quoting *United States v. Caldwell*, 760 F.3d 267, 284 (3d Cir. 2014)).